IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| CARLISLE POWER TRANSMISSION PRODUCTS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 07-3366-CV-S-ODS |
| UNITED STEELWORKERS OF AMERICA, et al., | ) ) ) ) | |
| Defendants. | ) | |

ORDER AND OPINION DENYING DEFENDANTS' MOTION FOR ATTORNEY FEES

Pending is Defendants' Motion for Attorney Fees (Doc. # 37). For the following reasons, Defendants' Motion is denied.

Plaintiff filed the above-captioned action seeking to vacate the award of arbitrator Anthony C. Salucci. Defendants counterclaimed to enforce the award. On July 16, 2008, the Court granted Defendants' Motion for Summary Judgment and denied Plaintiff's Motion for Summary Judgment. Therefore, Defendants are the prevailing parties. Defendants now request an award of costs and attorney fees incurred to defend against Plaintiff's suit to vacate and to prosecute its counterclaim.

"Attorney's fees are ordinarily not recoverable by the prevailing party in federal litigation absent either statutory authorization or circumstances in which the losing party has acted in bad faith." General Drivers, Helpers and Truck Terminal Employees Local No. 120 v. Sears, Roebuck & Co., 535 F.2d 1072, 1076 (8th Cir. 1976) (citing Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 258-59 (1975)). There is no statutory authorization for attorney's fees in lawsuits to enforce arbitration awards. Id. at 1077. Attorneys' fees should not be awarded unless the party's claim was "totally without merit," "frivolous, unreasonable, or groundless." Actors' Equity Ass'n v. American Dinner Theatre Institute, 802 F.2d 1038, 1042 (8th Cir. 1986).

Defendants suggest that Plaintiff's bad faith can be inferred because this is the

second suit Plaintiff has filed against Defendants seeking an order from this Court to vacate an arbitration award. In both suits, the Court enforced the arbitrator's award. However, even if two suits could be deemed a "pattern of contesting" arbitration awards, as Defendants assert, the two suits were completely unrelated and involve entirely different factual scenarios. The previous case dealt with an Arbitrator's decision that an employee had not abandoned his employment and therefore was not subject to termination. See Case No. 05-3569-CV-S-ODS. The present case involved an Arbitrator's decision that certain grievances were subject to arbitration. Defendants contend that Plaintiff's second straight attempt to vacate an arbitration award, despite the fact that both parties agreed to be bound by the award, shows Plaintiff is acting in bad faith. However, in both actions Plaintiff made a non-frivolous legal assertion that the arbitrator's decision failed to draw its essence from the collective bargaining agreement. Therefore, Plaintiff had the right to seek to vacate those awards under Section 301 of the Labor-Management Relations Act.

Defendants also contend that Plaintiff attempted to mislead the Court in its description of the Arbitrator's decision, also evidencing bad faith. In its Suggestions in Support of its Motion for Summary Judgment, Plaintiff stated that "Arbitrator Salucci determined that based on the language of the contract, any grievance not resolved before expiration of the Agreement was not subject to arbitration." (Doc. # 27, pg. 9). While the Court ultimately disagreed with Plaintiff's interpretation of the Arbitrator's decision, the Court does not agree that Plaintiff attempted to mislead the Court with this statement. Defendants have not shown Plaintiff acted in bad faith in bringing this lawsuit. Accordingly, Defendants' Motion for Attorney Fees is denied.

IT IS SO ORDERED.

DATE: September 10, 2008

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT

2

Case 6:07-cv-03366-ODS   Document 43   Filed 09/10/08   Page 2 of 2